UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LEON PRICE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANFREIGHT SYSTEMS, INC., et al., )<br>)<br>Defendants. ) | No. 2:22-cv-00285-TWP-MJD |

**ORDER ON MOTION TO PRECLUDE OR LIMIT TESTIMONY**

This matter is before the Court on Defendants' Second Motion to Preclude and/or Limit Testimony from Plaintiff's Experts, [Dkt. 67]. For the reasons set forth below, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.   Background**

On March 16, 2019, a truck owned by Defendant Danfreight Systems, Inc., and driven by Defendant Pierre St-Jean crashed into the rear of Plaintiff's vehicle on I-70 in Vigo County, Indiana. Defendants have admitted liability for the accident but dispute Plaintiff's alleged damages relating to back injuries, asserting that "Plaintiff's pre-accident medical records establish that he suffered from the same conditions prior to the accident." [Dkt. 67 at 1.]

On December 10, 2021, Plaintiff served his initial expert witness disclosures, in which he disclosed Dr. Kevin Anderson and Dr. Bruce Vest, both of whom have treated Plaintiff, as possible expert witnesses. [Dkt. 53-2.] Believing that Plaintiff's expert disclosures were deficient under Fed. R. Civ. P. 26(a)(2) because they failed to provide a summary of the facts and opinions about which Drs. Anderson and Vest were expected to testify, Defendants offered

Plaintiff an opportunity to supplement his disclosures. [Dkt. 52 at 4-5.] Plaintiff did so on December 16, 2021. [Dkt. 53-1.]

On June 1, 2022, Defendants filed their first Motion to Preclude and/or Limit Testimony from Plaintiff's Experts. [Dkt. 52.] Defendants argued that the supplemental disclosures with regard to Drs. Vest and Anderson failed to remedy the deficiencies. The Court disagreed with this argument. Defendants also argued that the anticipated expert testimony of Drs. Vest and Anderson did not satisfy the requirements of Federal Rule of Evidence 702. The Court declined to address the merits of that argument in light of the fact that Plaintiff did not have the opportunity to cross-examine Drs. Vest and Anderson during their depositions because Defendants took all of the witnesses' available time asking their questions. Chief Judge Pratt overruled Defendants' objections to that order on August 23, 2022. [Dkt. 66.] Defendants filed the instant motion the next day, reviving their Rule 702 arguments now that Plaintiff has had the opportunity to cross-examine Drs. Vest and Anderson. [Dkt. 67].[1]

## II. Discussion

"Whether proposed expert testimony is sufficiently reliable under Rule 702 is dependent upon the facts and circumstances of the particular case." *Jenkins v. Bartlett*, 487 F.3d 482, 489 (7th Cir. 2007). The Seventh Circuit has recently set forth the analysis applicable to assessing the admissibility of expert testimony as follows:

> Expert testimony is admissible when: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "the testimony is based on sufficient facts or

---

[1] In his response brief, Plaintiff characterizes the instant motion as an attempt by Defendants to "take a third bite of the apple." [Dkt. 68 at 1.] Given that neither the undersigned nor Chief Judge Pratt has previously addressed the merits of Defendants' Rule 702 arguments, it was wholly appropriate for Defendants to file the instant motion in order to seek such a ruling.

data"; (3) "the testimony is the product of reliable principles and methods"; and (4) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  Under Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the district court acts as the gate-keeper for expert evidence, *C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 834 (7th Cir. 2015), evaluating the proffered expert's qualifications, the reliability of the expert's methodology, and the relevance of the expert's testimony.  *Kirk v. Clark Equip. Co.*, 991 F.3d 865, 872 (7th Cir. 2021).

*Downing v. Abbott Labs.*, ___ F.4th ___, 2022 WL 4129304, at *9-10 (7th Cir. Sept. 12, 2022).

Plaintiff's supplemental disclosures for Drs. Anderson and Vest read as follow:

> Dr. Anderson is not a retained expert.  It is anticipated that Dr. Anderson will testify as to his treatment of Plaintiff, that his treatment was related to injuries received in the subject accident, his billings and any permanent effects.  His anticipated testimony is that his treatment of Plaintiff's low back, thoracic, cervical and leg injuries was as a result of the collision, which is at issue in this litigation, that the treatment was reasonable, that the medical expenses incurred was [sic] reasonable and was [sic] related to the collision and that Plaintiff suffers permanent effects from the injuries incurred and that he will require further treatment in the future as a result of the collision.  It is further anticipated that he will testify that the accident aggravated a pre-existing condition which Plaintiff suffered from in his back.
>
> . . .
>
> Dr. Vest is not a retained expert.  It is anticipated that Dr. Vest will testify as to his treatment of Plaintiff, that his treatment was related to injuries received in the subject accident, his billings and any permanent effects.  His anticipated testimony is that his treatment of Plaintiff's low back, [sic] injuries was as a result of the collision, which is at issue in this litigation, that the treatment was reasonable, that the medical expenses incurred was [sic] reasonable and was [sic] related to the collision and that Plaintiff suffers permanent effects from the injuries incurred and that he will require further treatment in the future as a result of the collision.  It is further anticipated that he will testify that the accident aggravated a pre-existing condition which Plaintiff suffered from in his back.

[Dkt. 53-1.] Defendants argue that, based on the deposition testimony of Drs. Vest and Anderson, neither should be permitted to testify at trial that any of Plaintiff's conditions for which he was treated were caused by the March 16, 2019, accident.  The Court agrees.  Based on

3

the record before the Court,[2] there is no question that Drs. Vest and Anderson have failed to provide properly supported, i.e. reliable, expert opinions regarding whether the March 16, 2019, accident caused or exacerbated any of Plaintiff's medical conditions.

Dr. Vest, an orthopedic surgeon who treated Plaintiff after the accident, expressly testified that, other than the subjective report by Plaintiff, he had "no other objective findings" to relate his treatment of Plaintiff to the accident. [Dkt. 53-4 at 13.] He further disavowed the statement in the supplemental disclosure that Plaintiff "suffers permanent effects from the injuries incurred and that he will require further treatment in the future as a result of the collision," stating that that was not his opinion. *Id.* When asked whether he knew whether Plaintiff "aggravated a preexisting condition in his lumbar spine," Dr. Vest responded: "Well, based upon what we talked about with the CT from 2018 and the degenerative change, and then we have an accident in 2019, he reports increased back pain, that in my opinion could be reviewed as an aggravation of preexisting degenerative conditions of the lumbar spine," and reiterated that any opinion he had about the cause of Plaintiff's injuries was based solely on what Plaintiff had told him. *Id.* at 14, 15. He also testified that he had no knowledge regarding the details of the accident itself. *Id.* at 16. This testimony makes it clear that Dr. Vest has not formed any expert opinion regarding the cause of Plaintiff's condition based on any scientific knowledge or methodology. He therefore may not testify as an expert on that issue.[3]

---

[2] The Court notes that it only has the excerpts of the doctors' depositions that were provided by Defendants. While Plaintiff was given the opportunity to cross-examine the doctors in order to obtain additional testimony about the bases for their opinions, Plaintiff has not provided any such testimony to the Court and does not reference any in his response to the instant motion.

[3] Plaintiff states in his response to the instant motion that Dr. Vest "opined that Based [sic] upon the history given and his examination that he believed the treatment that he provided [Plaintiff] was related to the crash." [Dkt. 68 at 2] (citing Vest Dep. at 12-13). Plaintiff failed to provide

Dr. Anderson's testimony fares no better. Dr. Anderson is a chiropractor who treated Plaintiff both before and after the accident. Plaintiff points to no testimony by Dr. Anderson that provides any basis for an expert opinion that any of Plaintiff's conditions were caused by the accident. The Court has reviewed the deposition transcript excerpts provided by Defendants and has found no such testimony; indeed, those excerpts do not contain any such opinion. "The party seeking to introduce expert witness testimony has the burden to show, by a preponderance of the evidence, that the testimony meets the *Daubert* standard." *Downing*, ___ F.4th ___, 2022 WL 4129304, at *10 (citing *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 782 (7th Cir. 2017)). Plaintiff has not even attempted to satisfy that burden here. Accordingly, Dr. Anderson may not testify as an expert on the issue of causation.

### III. Conclusion

For the reasons set forth above, Defendants' Second Motion to Preclude and/or Limit Testimony from Plaintiff's Experts, [Dkt. 67], is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that Drs. Vest and Anderson will not be permitted to provide expert testimony regarding the cause of Plaintiff's conditions. It is **DENIED** to the extent that Defendants also seek to preclude Drs. Vest and Anderson from testifying about the reasonableness or necessity of treatment and/or the permanency of any condition Plaintiff may have. If Plaintiff introduces other evidence at trial that would support a finding that a particular condition that Dr. Vest and/or Dr. Anderson treated was caused by the

---

those pages of Dr. Vest's deposition transcript to the Court, but regardless of what they say, it is clear from the testimony cited above that any opinion of Dr. Vest regarding the cause of Plaintiff's injuries was not based on any expert knowledge.

5

accident,[4] then they may provide testimony about whether the treatment they provided for that condition was reasonable and necessary and whether, in their capacity as a treating medical care provider, they believe that condition is permanent (and/or will necessitate additional treatment in the future).  If Plaintiff does not introduce such evidence at trial, then any such testimony by Drs. Vest and Anderson will be irrelevant.

    SO ORDERED.

Dated:  16 SEP 2022

                                  Mark J. Dinsmore
                                  United States Magistrate Judge
                                  Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

---

[4] The parties have not briefed, and therefore the Court will not address, whether expert testimony on the issue of causation is required in this case.